# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON JR., CDC #P-97536,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STUART RYAN, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　06-1664 WQH (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Plaintiff, an inmate currently incarcerated at Calipatria State Prison in Calipatria, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on August 17, 2006. In his Complaint, Plaintiff claims that prison officials violated his constitutional rights when they interfered with his legal mail and failed to respond to his administrative grievances. Plaintiff seeks compensatory and punitive damages as well as declaratory relief. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.     Motion to Proceed IFP [Doc. No. 2]

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows that he has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281

F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

*Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.  Access to Courts Claim

Plaintiff claims that at various times, prison officials delayed the mailing of his legal mail and failed to adequately respond to administrative grievances.  The Fourteenth Amendment to the United States Constitution provides that:  "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.   "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  Thus, to state a procedural due process claim, Plaintiff must allege:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citing *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

////

////

To the extent Plaintiff challenges the procedural adequacy of CDC inmate grievance procedures, his Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named Calipatria official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interests can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Here, Plaintiff pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Further, to the extent Plaintiff claims that Defendants' mailroom procedures have denied him access to the courts, these allegations fall short of the pleading standards necessary to state such a claim. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are

trained in the law." *Id.* at 828. To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff has not alleged any facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.").

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed" because he was "so stymied" by Defendants' actions or grievance processing that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, these claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

////

////

////

### B. Respondeat Superior

Plaintiff further claims that some of the Defendants are liable based on their supervisory roles. (Compl. at 18-19.) However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against the named supervisory Defendants.

Thus, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III. Conclusion and Order

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

////

2. The Acting Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this order on James Tilton, Acting Secretary, California Department of Corrections and Rehabilitation, P. O. Box 942883, Sacramento, California 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

///

5. The Clerk of the Court is directed to mail Plaintiff a form § 1983 Amended Complaint.

**IT IS SO ORDERED.**

DATED: September 28, 2006

                              **WILLIAM Q. HAYES**
                              United States District Judge