# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON JR., CDC #P-97536, <br><br> Plaintiff, <br><br> vs. <br><br> STUART RYAN, et al., <br><br> Defendants. | Civil No.  06-1664 WQH (WMc) <br><br> **ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

Plaintiff, an inmate currently incarcerated at Calipatria State Prison in Calipatria, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on August 17, 2006. In his Complaint, Plaintiff claims that prison officials violated his constitutional rights when they interfered with his legal mail and failed to respond to his administrative grievances. On September 28, 2006, this Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") but sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted. *See* Sept. 28, 2006 Order at 7-8. Nonetheless, the Court granted Plaintiff forty five (45) days to file an Amended Complaint correcting the deficiencies of pleading identified in the Court's Order. *Id.* at 8. On October 13, 2006, Plaintiff filed his First Amended Complaint ("FAC").

////

The Court, once again, screened Plaintiff's First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) and dismissed Plaintiff's First Amended Complaint for failing to state a claim upon which relief could be granted. *See* December 5, 2006 Order at 6-7. Plaintiff filed his Second Amended Complaint ("SAC") on February 9, 2007 [Doc. No. 9].

## I. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

As the Court stated in its previous Orders, the Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's Second Amended Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez,* 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

////

## II.     Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     The Clerk shall issue the summons, provide Plaintiff with a certified copy of both this Order and his Second Amended Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant named in his Second Amended Complaint. Plaintiff shall complete the Form 285s and forward them to the United States Marshal. The U.S. Marshal serve a copy of the Second Amended Complaint and summons upon Defendant as directed by Plaintiff on each U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

2.     Defendants are thereafter **ORDERED** to reply to the Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3.     Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: March 15, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge