1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON, ,<br><br>                              Plaintiff,<br>    vs.<br><br>J. BOWMAN, et al.,<br><br>                           Defendant. | CASE NO. 06cv1664-WQH (WMc)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

In this prisoner civil rights case, Raymond Denton, Jr. ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). Plaintiff has filed a Second Amended Complaint ("SAC"). In the Second Amended Complaint, Plaintiff alleges the following claims for relief: 1) Denial of Access to the Courts. (SAC at ¶ 14.) and  2) retaliation. Currently pending before the Court is a Motion to Dismiss Plaintiff's SAC brought pursuant to Fed. R. Civ. P. 12(b)(6) and filed on behalf of Calipatria State Prison officials Bowman, Trejo, Davidosky, Schaller, John Doe #1, and John Doe #2.  On January 15, 2008, Plaintiff filed an Opposition ("P's Opp.").

## I.  FACTUAL BACKGROUND

The following is taken form the parties pleadings and is not to be construed as findings of fact by the Court.

Plaintiff alleges his outgoing legal mail has repeatedly been intercepted and delayed by Defendants.  (SAC at ¶11.)  On August 20, 2004, Plaintiff submitted two envelopes for

mailing, addressed to (1) the Board of Control; and (2) the Director of Corrections.  (SAC at ¶24-27).  The envelopes were inspected and approved by Library Technical Assistant Davidosky. (SAC ¶19-22.)  Upon Plaintiff's request for copies of his incoming and outgoing mail logs, Plaintiff learned that the envelopes were not mailed out by the mail room until August 25, 2005. (SAC at ¶15-22, Exhibit 2.)  On October 25, 2004, Plaintiff filed an inmate appeal with the Warden claiming prison employees were conspiring to obstruct the flow of his mail. (SAC at ¶24-26.)

On August 3, 2005, Plaintiff submitted two envelopes of legal documents to be mailed, addressed to: (1) his attorney; and (2) the California Court of Appeal.  (SAC at ¶21-26.)  The envelopes were again submitted to Library Technical Assistant Davidosky.  (SAC at ¶21-23.)  On August 9, 2005, Plaintiff submitted one envelope of legal mail addressed to his attorney. (SAC at ¶1-2.)  The envelope was submitted to Correctional Officer Bowman for inspection and approval. (SAC at ¶2-4.)  On August 10, 2005, Plaintiff submitted two envelopes of legal mail addressed to his attorney.  (SAC at ¶6-9.)  The two envelopes were submitted to Correctional Officer Bowman. (SAC at ¶6-9.)  One of these envelopes was later returned for insufficient postage and returned on August 11, 2005.  (SAC at ¶9-10.)   On August 11, 2005, Plaintiff submitted an envelope addressed to the Ninth Circuit Court of Appeals.  (SAC at ¶12-13.)  The envelope was inspected and approved by to Library Technical Assistant Davidosky.  Plaintiff also submitted two envelopes for inspection and approval to Correctional Officer John Doe #1.  (SAC at ¶21-23.)  The two envelopes consisted of the envelope previously returned for insufficient postage as well as an additional envelope addressed to his attorney.  (SAC at ¶18-21.)

On August 12, 2005, Plaintiff requested a copy of his incoming and outgoing legal mail log for July 12, 2005 to August 12, 2005.  (SAC at ¶25-26.)   None of the envelopes submitted by Plaintiff between August 3 and August 11 appeared on the outgoing mail log. (Exhibit 7.)

On August 15, 2005, Plaintiff submitted one envelope addressed to his attorney to Correction Office John Doe #2 for inspection and approval.  (SAC at ¶12-16.)  On August 16, 2005, Plaintiff requested a copy of his incoming and outgoing legal mail log for August 1, 2005 to August 18, 2005.  (SAC at ¶18-23.)  Plaintiff was informed that he had no outgoing legal mail for

the month of August.  ( SAC at ¶25-27, Exhibit 8.)

On August 17, 2005, Plaintiff submitted two envelopes addressed to: (1) the California Court of Appeal; and (2) the Attorney General's Office.  (SAC at ¶8-13.)  On August 23, 2005, Plaintiff submitted two envelopes addressed to: (1) the Ninth Circuit Court of Appeals; and (2) the Attorney General's Office.  (SAC at ¶15-19.)  All four of the envelopes were submitted to Library Technical Assistant Davidosky.  (SAC at ¶8-16.)

On August 29, 2005, Plaintiff requested a copy of his incoming and outgoing mail log for August 1, 2005 to August 30, 2005.  (SAC at ¶21-23.)  On the log, dated August 30, 2005, ten pieces of the outgoing mail submitted by Plaintiff appear.  (Exhibit 9.)  Plaintiff alleges that the discrepancy between the August 30, 2005 log and the responses to his earlier outgoing mail log requests suggests that the August 30 log was falsely manufactured.  (SAC at ¶26-27.)

On September 5, 2005, Plaintiff submitted an envelope addressed to his attorney to Correctional Officer Trejo.  (SAC at ¶7-10.)  On September 6, 2005, Plaintiff submitted an envelope addressed to the Imperial County Superior Court to Library Technical Assistant Schaller.  (SAC at ¶12-15.)

On September 8, 2005, Plaintiff requested a copy of his incoming and outgoing mail log for August 30, 2005 to September 9, 2005.  (SAC at ¶18-19.)  The log showed only the September 5th envelope to his attorney had been processed during that time period.  (Exhibit 9.)

**II.   DEFENDANTS' FED.R.CIV.P. 12(B)(6) MOTION**

Defendants seek dismissal of Plaintiff's Complaint on the grounds that: (1) Plaintiff fails to sufficiently allege a claim for interference with access to the courts; (2) Plaintiff failed to sufficiently allege a claim of retaliation; (3) Plaintiff's request for punitive damages should be striken; (4) Plaintiff's SAC should be designated as a strike pursuant to 28 U.S.C. § 1915(g);

**1.  Standard of Review**

A Rule 12(b)(6) motion tests the legal sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir.

1996).  In deciding such a motion, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill*, 80 F.3d at 338.  Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Navarro*, 250 F.3d at 732 (citing *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1988)).

In addition, where a plaintiff appears *in propria persona* in a civil rights case, the court must also be careful to construe the pleadings liberally and afford plaintiff any benefit of the doubt.  *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988); *Bretz v. Kelman*, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). The rule of liberal construction "is particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.").  In giving liberal interpretation to a *pro se* civil rights complaint, however, a court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; see also *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977) ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.").  Thus, at a minimum, even the *pro se* plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support [his] claim." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

As a general rule, when resolving a motion to dismiss for failure to state a claim, the court may not consider materials outside the pleadings. *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal. . .is the complaint." *Id.* at 1197 n.1.  However, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also disregard allegations in the complaint if they are contradicted by facts established

1  by exhibits attached to the complaint. *Id*.  The Court is not required to accept as true conclusory

2  allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council*

3  *v. Watt*, 643 F.2d 618, 624 (9th Cir.) cert denied, 454 U.S. 1031, 102 S.Ct. 567 (1981).  In addition,

4  the Court need not accept legal conclusions "cast in the form of factual allegations." *Id*.

5      A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity

6  to amend, unless the complaint's deficiencies can not be cured by amendment. See *Noll v.*

7  *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

8      **2. No Constitutional Violation Re: Department of Corrections Regulation Title 15 §**

9  **3147(b)**

10      Defendants' did not address this specific claim in the Motion To Dismiss.

11  However, pursuant to 28 U.S.C. § 1915(e)(2)(B) the Court may review Plaintiff's claim and

12  recommend dismissal for failure to state a claim

13      Plaintiff contends "Defendants knowingly and intentionally violated his Constitutionally

14  Protected (sic) liberty interest pursuant to California Code of Regulations Title 15 Section

15  3147.(b)., by failing to notify Denton in writing that they (The Defendants) were repeatedly

16  intercepting, delaying and not promptly processing and/or mailing his confidential correspondence

17  out of the institution in accordance with the well established criteria of the Calif. Code of Reg.

18  Title 15 3147.(b)."  (SAC at ¶ 8.)

19      In support of his claim, Plaintiff presents a copy of the regulation he alleges creates a

20  liberty interest in receiving notice of correspondence that is  "accepted for mailing but is not

21  promptly mailed." (Ex. 1.)

22      The Supreme Court in  *Sandin v. Conner*, 115 S. Ct. 2293 (1995), held that constitutionally

23  protected liberty interests are "limited to freedom from restraint which . . . imposes atypical and

24  significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* at 2300.

25  Prison regulations "are not designed to confer rights on inmates," but are "primarily designed to

26  guide correctional officials in the administration of a prison." *Sandin v. Connor*, 515 U.S. 472,

27  481, 115 S.Ct. 2293 (1995). Thus, plaintiffs can no longer just point to the "mandatory" language

28  of a prison regulation (*e.g.* "every inmate charged with serious rules violation must be provided a

witness list") in order to claim procedural due process protection as was the case before *Sandin*.

Here, Plaintiff has failed to demonstrate that the claimed liberty interest at issue pertains to "freedom from restraint" that "imposes atypical and significant hardships. . . in relation to the ordinary incidents of prison life." *Id*. at 2300.  Without more, Plaintiff's bald assertion that "the acts described in the complaint imposes an atypical and significant hardship on him in relation to the ordinary incidents of prison life" is insufficient to meet the required showing set out in *Sandin, Id*.  (P's Opp. at 12.)  Accordingly the Court *sua sponte* dismisses this claim with prejudice because it is clear that the deficiencies with this claim cannot be cured by amendment.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1998).

### 3. No Constitutional Violation for Limited Incidents of Mishandling Mail

Plaintiff alleges that his outgoing mail is improperly delayed by two to three days. Specifically, Plaintiff contends that he has become aware of 10 letters over a one month period of time as having been delayed.  The allegations show an occasional delay in the processing of outgoing mail.

As noted previously,  "To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)).

Prisoners have a First Amendment right to send and receive mail.  See *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).  However, limited incidents of improper handling of inmate mail is not actionable as a constitutional violation. *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).

Plaintiff has failed to present any evidence that his First Amendment right to send and receive mail has been violated.  Plaintiff has presented a series of exhibits which appear to be copies of the prison's logs of outgoing mail for the prison facility.  (Exhibits 2, 7, 8, 9, and 10.) A review of these exhibits shows that while some of Plaintiff's mail may have been delayed by a day or two, all but two pieces of Plaintiff's mail he claims was delayed, is accounted for in the mail

logs presented.  As noted herein, isolated incidents of interference or tampering with an inmates

mail will not support a claim under section 1983 for violation of Plaintiff's constitutional rights.

*Id.; see also Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003).  Thus, it is recommended that

Defendants' Motion to Dismiss Plaintiff's claim on this ground be **GRANTED**.

### 4.  No Constitutional Violation Re: Access to Courts

Interference with legal mail may implicate an inmates right of access to courts and free

speech pursuant to the First and Fourteenth Amendments of the constitution.

In 1977, the Supreme Court held that inmates have a constitutional right of access to the

courts. *Bounds v. Smith* , 430 U.S. 817 (1977).  However, the Supreme Court, in 1996, revisited

and significantly limited *Bounds* in *Lewis v. Casey*, 518 U.S. 343 (1996).   As such, *Lewis* is a

significant reshaping of the right of access to the courts in two respects: the clarification that every

such claim must be founded upon *actual injury* **and** the restriction of the scope of the right to only

certain types of claims.  *Lewis* made clear that actual injury is a "constitutional prerequisite." *Id.* at

352-53 n.3.  Additionally, *Lewis* made clear that the right of access is only guaranteed for certain

types of claims: direct and collateral attacks upon a conviction or sentence, and civil rights actions

challenging the conditions of confinement.  *Id.* at 354.  Even among these types of claims, actual

injury will exist only if "a nonfrivolous legal claim had been frustrated or was being impeded." *Id.*

at 353.

The Supreme Court once again addressed the right of access to courts in *Christopher v.*

*Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 2188 (2002),.  In that case, the Court distinguished

between two types of claims for denial of access to the courts. The forward-looking denial of

access claims may arise from the frustration or hinderance of "a litigating opportunity yet to be

gained." Id. at 2185-87.   The backward-looking denial of access claims may arise from the loss of

a meritorious suit that cannot now be tried and has been forever lost because of the interference of

government officials. *Id.* at 2186-87.   Further, *Harbury* reiterated the ruling in *Lewis,* that in order

to state a claim for interference with the right of access to the courts, a plaintiff must establish

actual injury to a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section

1983 case challenging the condition of his confinement.  *Lewis*, 581 U.S. at 355, 116 S.Ct. 2174

1    Here, Defendants argue that Plaintiff's right of access to the courts was not infringed

2    because: 1) Plaintiff has successfully been prosecuting his civil cases and 2) Plaintiff has failed to

3    identify any interference with a civil action entitled to constitutional protection. (Defs. Mtn to

4    Dismiss at 12.)

5    Specifically, Defendants argue that no one interfered with Plaintiff's right of access to the

6    courts because he has been able to pursue his legal cases as evidenced by the number of legal

7    documents he regularly mails out. (P's Ex 11.) Defendants also contend Plaintiff fails to assert

8    that any pending legal claims have been specifically affected by Defendants alleged interference

9    with his legal mail. Defendants assert Plaintiff's only issue is the alleged delay in having his legal

10   mail processed out of the facility. According to Defendants this claim does not rise to the level of

11   a deprivation of rights actionable under 42 U.S.C. § 1983. (MTD at  .)

12   The Court agrees with Defendants regarding Plaintiff's failure to demonstrate any actual

13   injury. A thorough review of the second amended complaint shows no claim of actual injury.

14   Plaintiff has failed to allege that he has been frustrated or hindered in a legal claim yet to be

15   litigated (forward -looking access claim) or that he has suffered a "loss or inadequate settlement of

16   a meritorious case" (backward-looking access claim). *Harbury*, 122 S.Ct. at 2179. In fact,

17   Plaintiff's Exhibit 11 (Letter from Attorney Franco) demonstrates that any actual delay in

18   Plaintiff's outgoing legal mail had no impact on the legal action Attorney Franco was taking on his

19   behalf. The letter specifically demonstrates that Plaintiff continues to successfully prosecute his

20   civil cases.

21   In sum, Plaintiff has failed to provide any evidence that he has been denied the access to

22   courts guaranteed by *Bounds*, *Lewis*, and *Harbury*. Therefore, based upon all the facts and law

23   presented it is recommended that Defendants' Motion to Dismiss on this ground be **GRANTED**.[1]

24   **5.  No Constitutional Violation Re: Retaliation**

25   In his SAC, Plaintiff alleges that defendants seized his legal papers in retaliation for his

26   "use of the inmate appeals process." (SAC at ¶ 53.)

27

28        [1]In its MTD Defendants briefly refer to a possible Sixth Amendment effective assistance of counsel claim raised by Plaintiff. However, the Court finds no reference to such a claim in Plaintiff's SAC. Therefore, this issue will not be addressed here.

1    The Ninth Circuit has clearly established the elements necessary to sustain a First

2    Amendment retaliation claim in the prison context:

3         **Within the prison context, a viable claim of First Amendment**

4         **retaliation entails five basic elements: (1) An assertion that a state actor took**

5         **some adverse action against an inmate (2) because of (3) that prisoner's**

6         **protected conduct, and that such action (4) harmed the prisoner and (5) was**

7         **not narrowly tailored to advance a legitimate correctional goal.** *Rhodes v.*

8         *Robinson*, **380 F.3d 1123, 1130 (9th Cir. 2004); see also** *Resnick v. Hayes*, **213**

9         **F.3d 443, 449 (9th Cir. 2000);** *Hines v. Gomez*, **108 F.3d 265, 267-68 (9th Cir.**

10        **1997).**

11        The Constitution provides protections against "deliberate retaliation" by prison officials

12   against an inmate's exercise of his right to petition for redress of grievances.  Soranno's Gasco,

13   Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  Because retaliation by prison officials may

14   chill an inmate's exercise of his legitimate First Amendment rights, such conduct is actionable

15   even if it would not otherwise rise to the level of a constitutional violation.  Thomas v. Carpenter,

16   881 F.2d 828, 830 (9th Cir. 1989).  However, there must be a causal connection between the

17   allegedly retaliatory conduct and the action that purportedly provoked the retaliation.  Thus,

18   "timing can properly be considered as circumstantial evidence of retaliatory intent."  Pratt v.

19   Rowland, 65 F.3d 802, 808 (9th Cir. 1995).  However, a plaintiff must show that the protected

20   conduct was a "substantial" or "motivating" factor in the defendant's decision to act.  Soranno's

21   Gasco, 874 F.2d at 1314; Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287

22   (1977).

23        Here, Defendants claim that Plaintiff has failed to satisfy all the elements set out in *Rhodes*.

24   Specifically, Defendants assert " [i]t is unreasonable to glean from the facts contained in the

25   Second Amended Complaint that either 1) Plaintiff's mail was actually delayed beyond normal

26   processing times, or 2) the delay, if there was one, was resulting from an act of retaliation." (MTD

27   at 14.)

28        Plaintiff's SAC provides that from August 20, 2004 through September 6, 2005,

1   Defendants systematically and intentionally delayed his outgoing mail. Plaintiff asserts
2   "Defendants Bowman, Trejo, Davidosky, Schaller, John Doe #1 and John Doe #2, violated
3   Denton's Constitutional right to be free from retaliation for participating in protected speech
4   activity, by willfully obstructing or withholding the passage of Denton's legal mail without notice
5   in retaliation for his use of the inmate appeals process and in violation of the First Amendment."
6   (SAC at ¶ 51.)

7          To prevail on a retaliation claim, Plaintiff must demonstrate a causal connection between
8   the Defendants' conduct and the Plaintiff's actions that provoked the retaliation. *Rhodes v.*
9   *Robinson*, 380 F.3d 1123, 1130 (9th Cir. 2004). Here, Plaintiff has failed to state how the
10  retaliatory delay in sending out Plaintiff's mail was related to or "caused" by Plaintiff's exercise of
11  a constitutional right. Defendants accurately point out that Plaintiff only asserts general
12  allegations. Nowhere in Plaintiff's SAC does he state or allege facts showing, that any of the
13  specifically named Defendants have a particular motivation to retaliate against him. There is no
14  evidence that any of the Defendants were the subject of any civil case Plaintiff was pursuing
15  before to the filing of this case. Thus, without more Plaintiff's claim must fail. Therefore, based
16  upon the facts and applicable law it is recommended that Defendants' motion be **GRANTED** on
17  Plaintiff's retaliation claim.

18          **6. Punitive Damages**

19          Defendants move to strike Plaintiff's request for punitive damages "because he has failed
20  to allege any facts entitling him to recover them." (MTD at 17.)

21          "Punitive damages are available against individual ... officers in a §1983 claim where the
22  officer's 'conduct is shown to be motivated by evil motive or intent, or when it involves reckless
23  or callous indifference to the federally protected rights of others.'" *Dubner v. City and County of*
24  *San Francisco*, 266 F.3d 959, 969 (9th Cir. 2001) (citing *Smith v. Wade*, 461 U.S. 30, 56 (1986)).

25          Defendants argue Plaintiff's prayer for punitive damages should be stricken from the
26  complaint because there is no evidence demonstrating "any Defendant acted with the 'evil motive
27  or intent.' (Defs. Mtn. at 16.)

28          Under Rule 12(f), a party may move to strike "from any pleading any insufficient defense

1   or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  "[T]he

2   function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

3   from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v.*

4   *A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  "'Immaterial matter' is that which has no

5   essential or important relationship to the claim for relief or the defenses being

6   pleaded....'Impertinent' matter consists of statements that do not pertain, and are not necessary, to

7   the issues in question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting *5*

8   *Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 2d § 1382*, at 706-11

9   (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994).

10       Motions to strike are generally disfavored.  *Cairns v. Franklin Mint Co.*, 24 F.Supp. 2d

11   1013, 1037 (C.D. Cal. 1998).  However, a motion to strike may be granted when "it is clear that

12   the matter to be stricken could have no possible bearing on the subject matter of the litigation."

13   *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F.Supp. 820, 830 (N.D.Cal. 1992); see also

14   Colaprico v. Sun Microsystems, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

15       Here, Plaintiff is not entitled to punitive damages because the Court has found that no

16   violations of Plaintiff's constitutional rights has occurred.  As discussed herein, Plaintiff has failed

17   to substantiate his claims of interference with access to courts or retaliation.  However, the Court

18   finds it is premature to rule that Plaintiff is not entitled to punitive damages as a matter of law.

19   Therefore, it is recommended Defendants' motion to dismiss Plaintiff's claim for punitive

20   damages be **DENIED** without prejudice.

21       **7. Designate Plaintiff's SAC a Strike Against Plaintiff Pursuant to 28 U.S.C. § 1915(g)**

22       Defendants argue that the instant case should be designated as a strike against Plaintiff

23   under the Prison Litigation Reform Act because Plaintiff's allegations are frivolous and "have no

24   basis in law or fact." (MTD at 18.)

25       The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, Title VIII, §§

26   801-10, 110 Stat. 1321 (1996), amended 28 U.S.C. § 1915 to provide that a prisoner may not bring

27   a civil action or appeal a civil judgment *in forma pauperis* :

28       if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

1    any facility, brought an action or appeal in a court of the United States that was

2    dismissed on the grounds that it is frivolous, malicious, or fails to state a claim

3    upon which relief may be granted, unless the prisoner is under imminent danger of

4    serious physical injury.

5    28 U.S.C. § 1915(g).

6        Here, the Court declines to designate a strike under § 1915(g) against Plaintiff's current

7    case. Designating this case as a strike against Plaintiff's right to file future legal actions is

8    premature. "Not all unsuccessful cases qualify as a strike under § 1915(g)" *Andrews v. King*, 398

9    F.3d 1113, 1121 (9th Cir. 2005). "[T]he district court is not required [at the time it dismisses a

10   prisoner's case] to determine whether [it]... will count as a future strike under § 1915(g)."

11   *Andrews v. King*, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005) ("district courts do 'not issue these

12   strikes one by one, in their orders of judgment.'"). Accordingly, it is recommended that

13   Defendants' motion to designate Plaintiff's current case a strike pursuant to § 1915(g) be

14   **DENIED** without prejudice.

15       **8. Dismissal with Prejudice**

16       "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely

17   clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v.*

18   *Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988)(internal citations omitted). "Liberality

19   in granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause

20   undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*,

21   198 F.3d 752, 757 (9th Cir. 1999). Based upon Plaintiff's own submissions, it is clear that the

22   deficiencies in his complaint cannot be cured by amendment. Plaintiff has had two prior

23   opportunities to amend his complaint. (Docket No. 3 and No. 5.)

24       As noted above, Plaintiff's claim alleging a liberty interest in the handling of his claim fails

25   as a matter of law. *See Sandin v. Conner*, 115 S.Ct. 2293 (1995). Further, revising Plaintiff's

26   access to courts and retaliation claims would also be futile based upon the facts already presented.

27   According to Plaintiff, he has suffered no actual injury as a result of the delayed processing of

28   some of his mail (interference with access to courts) nor can Plaintiff adequately demonstrate any

1  specifically named Defendant has a particular motivation to retaliate against him (retaliation).

2  "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v.*

3  *Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000).

4       Accordingly, it is recommended that Defendant's motion to dismiss be **GRANTED** and

5  that Plaintiff's complaint be dismissed with prejudice.

6       **III.  CONCLUSION**

7       For the reasons set forth herein, it is recommended:

8       1.  Defendants' Motion to Dismiss Plaintiff's First Amendment claim regarding the

9  handling of Plaintiff's mail be **GRANTED;**

10      2.  Defendants' Motion to Dismiss Plaintiff's access to courts claim in accordance with

11  Fed.R.Civ.P. 12(b)(6) be **GRANTED;**

12      3**.** Defendants' Motion to Dismiss Plaintiff's retaliation claim be **GRANTED**;

13      4. Defendants' Motion to Strike Plaintiff's claim for punitive damages be **DENIED**

14  without prejudice;

15      5. Defendants' Motion to Designate Plaintiff's SAC a Strike pursuant to 28 U.S.C. §

16  1915(g) be **DENIED** without prejudice;

17      6. Additionally, it is recommended that Plaintiff's claim regarding California Code of

18  Regulations Title 15 Section 3147(b) be **DENIED** with prejudice *sua sponte* in accordance with

19  28 U.S.C. § 1915(e)(2)(B);

20       This report and recommendation will be submitted to the United States District Judge

21  assigned to this case, pursuant to the provisions of 28 U.S.C. §636 (b)(1) (1988).  Any party may

22  file written objections with the court and serve a copy on all parties by ***February 15, 2008***.  The

23  document should be captioned "Objections to Report and Recommendation."  Any reply to the

24  objections shall be served and filed by ***February 25, 2008***.

25      The parties are advised that failure to file objections within the specified time may waive

26  the right to raise those objections on appeal of the Court's order.  Martinez v. Ylst, 951 F.2d 1153

27  (9th Cir. 1991).

28  DATED:  January 25, 2008

1

2                               Hon. William McCurine, Jr.
U.S. Magistrate Judge
3                               United States District Court

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28