# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>                     Plaintiff,<br>vs.<br>J. BOWMAN, et al.,<br><br>                     Defendants. | CASE NO. 06CV1664 WQH (WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

HAYES, Judge:

      Pending before the Court is the Report and Recommendation of Magistrate Judge William McCurine, Jr., recommending that the Court grant in part, and deny in part, Defendants' motion to dismiss. (Doc. # 33).

## BACKGROUND

      On August 17, 2006, Plaintiff Raymond H. Denton, a state prisoner proceeding pro se, filed the original Complaint in this matter. (Doc # 1). On September 28, 2006, this Court issued an order dismissing the case without prejudice for failure to state a claim. (Doc. # 3).

      On October 13, 2006, Plaintiff filed the First Amended Complaint. (Doc. # 4). On December 5, 2006, this Court issued an order dismissing the First Amended Complaint without prejudice for failure to state a claim. (Doc. # 5).

      On February 9, 2007, Plaintiff filed the Second Amended Complaint (SAC) pursuant to 42 U.S.C. § 1983, asserting a violation of his liberty interest pursuant to 15 C.C.R. § 3147(b), denial of

1  his right to access the courts, and retaliation against Defendant prison officials. (Doc. # 9). The SAC
2  alleges that Defendants deprived Plaintiff of a constitutionally protected liberty interest by failing to
3  notify him in writing that his outgoing confidential mail was being repeatedly intercepted, delayed,
4  and not promptly mailed out of the prison in accordance with 15 C.C.R. § 3147(b). *SAC* at ¶¶ 8, 13.
5  In addition, the SAC alleges that Defendants intercepted and delayed Plaintiff's mail in retaliation for
6  Plaintiff's use of the inmate appeals process and an anticipated lawsuit. *SAC* at ¶ 9.

7        On August 20, 2007, Defendants filed a motion to dismiss the SAC, strike Plaintiff's claim for
8  punitive damages, and designate a strike against Plaintiff pursuant to 28 U.S.C. 1915(g). (Docs. # 21,
9  22). On January 15, 2008, Plaintiff filed an opposition to the motion to dismiss. (Doc. # 32).

10        On January 25, 2008, Magistrate Judge William McCurine, Jr. issued a Report and
11  Recommendation recommending that this Court grant Defendants' motion to dismiss, deny as moot
12  Defendants' motion to strike the claim for punitive damages, and deny Defendants' motion to
13  designate Plaintiff's SAC a strike pursuant to 28 U.S.C. § 1915(g). (Doc. # 33). The Report and
14  Recommendation concluded that Defendants' alleged failure to notify Plaintiff of the regular
15  interception, delay, and failure to process his mail as required by 15 C.C.R. § 3147(b), did not
16  constitute a violation of a constitutionally protected liberty interest because Plaintiff failed to
17  demonstrate that the claimed liberty interest at issue pertained to a "freedom of restraint" that
18  "imposes atypical and significant hardships . . . in relation to the ordinary incidents of prison life."
19  *Report and Recommendation* (*R & R*) at 5-6. The Report and Recommendation concluded that
20  Plaintiff failed to state a claim for a violation of his constitutional rights because limited incidents of
21  improper handling of inmate mail is not actionable as a constitutional violation. *R & R* at 6-7. The
22  Report and Recommendation concluded that Plaintiff failed to state a claim for violations of his right
23  to access the courts because Plaintiff failed to allege any actual injury. *R & R* at 7-8. The Report and
24  Recommendation concluded that Plaintiff failed to state a claim for retaliation because Plaintiff failed
25  to allege how the delay in sending out Plaintiff's mail is related to or caused by Plaintiff's exercise
26  of a constitutional right. *R & R* at 9-10.

27        On March 3, 2008, Plaintiff filed Objections to the Report and Recommendation. (Doc. # 37).
28  The Objections consisted of a photocopy of the Plaintiff's opposition to the motion to dismiss filed

1 | on January 15, 2008.

## STANDARD OF REVIEW

The duties of a District Court in connection with a Magistrate Judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the district court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-150 (1985). When no objections are filed, the District Court need not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A general objection to a report and recommendation has the "same effect as would a failure to object" because "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Gutierrez v. Flannican*, No. CV-05-2981-PHX-DGC (DKD), 2006 U.S. Dist. LEXIS 71865, at *5 (D. Ariz. Sept.29, 2006) (citing *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). A District Court may always, "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 435 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006); *Or. Natural Desert Ass'n v. Rasmussen*, 451 F. Supp. 2d. 1202, 1205 (D. Or. 2006).

## DISCUSSION

Plaintiff has filed a document entitiled "Objections to the Report and Recommendation." (Doc. # 37). The document is a photocopy of the Plaintiff's opposition to Defendants' motion to dismiss. (Docs. # 32, 37).

Congress enacted 28 U.S.C. § 636 in consideration of judicial economy, and the statute allows a magistrate judge to assist a district judge in dealing with a court's caseload. *See Thomas*, 474 U.S. at 152. The efficiency gained through the use of magistrate judges "would be lost if parties were permitted to invoke the de novo review of the district court merely by interposing non-specific objections to the magistrate's R&R." *Gutierrez v. Flannican*, No. CV-05-2981-PHX-DGC (DKD), 2006 U.S. Dist. LEXIS 71865, at *5 (D. Ariz. Sept.29, 2006) (citing *Howard v. Sec. of Health and*

1  *Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  Plaintiff has not objected specifically to any
2  portion of the Report and Recommendation.  *See Objections* (Doc. # 32).  Beyond the caption of the
3  pleading entitled "Objections to Report and Recommendation," Plaintiff's objection is a photocopy
4  of his handwritten opposition to the motion to dismiss, which the Report and Recommendation has
5  already considered.  *Objections* (Doc. # 32).  Reproducing a document previously filed in place of
6  specific objections to the Report and Recommendation undermines the purpose of the magistrate
7  judge, and the Court concludes that Plaintiff's filing of March 3, 2008 (Doc. # 32), does not qualify
8  as an objection to the Report and Recommendation.  *Eldridge v. Bowen*, 685 F. Supp. 285 (D. Me.
9  1988).

10  Despite Plaintiff's failure to file proper objections, the Court has reviewed the Report and
11  Recommendation de novo.  Plaintiff is correct in noting that an inmate has a "Fourteenth Amendment
12  due-process liberty interest in receiving notice that his incoming mail was being withheld by prison
13  authorities." *Objections* (Doc. # 32 at 4-5) (quoting *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir.
14  1999)).  However, the Magistrate Judge correctly concluded that a brief delay in the processing of an
15  inmate's outgoing mail without notice to the inmate is not a violation of this fourteenth amendment
16  right.  *See Sorrels v. McKee*, 290 F.3d 965, 972 (2002); *Frost*, 197 F.3d at 353.  In addition, the SAC
17  does not allege facts which establish that the prison has a policy of withholding notice from an inmate
18  whose mail has been delayed, and as noted by Defendants, negligence does not support a claim
19  pursuant to 42 U.S.C. § 1983.  *Sorrels*, 290 F.3d at 972.  The Court finds that the Report and
20  Recommendation correctly concluded that Plaintiff has failed to allege a violation of a liberty interest
21  related to the "freedom of restraint" that "imposes atypical and significant hardships . . . in relation
22  to the ordinary incidents of prison life," and Plaintiff's allegations of limited incidents of mishandling
23  of mail do not give rise to a constitutional violation.  *R & R* at 5-7; *see Sandin v. Conner*, 515 U.S.
24  472, 481-82 (1995); *see Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989).  The Court further
25  concludes that the Magistrate Judge correctly concluded that Plaintiff has failed to allege actual injury
26  in support of his claim for denial of access to the courts, and that Plaintiff has failed to allege that any
27  retaliatory delay in sending Plaintiff's mail was related to or caused by Plaintiff's exercise of a
28  constitutional right.  *R & R* at 7-10; *see Lewis v. Casey*, 518 U.S. 343 (1996); *see Sorrano's Gasco,*

*Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

The Court finds that the Report and Recommendation correctly concluded that Plaintiff's claims for violation of 15 C.C.R. § 3147(b), the First Amendment, retaliation , and denial of Plaintiff's right to access the courts should be dismissed. In addition, the Court finds that the Report and Recommendation correctly concluded that these claims should be dismissed with prejudice because Plaintiff has had two previous opportunities to amend his Complaint and it is clear that the deficiencies cannot be cured by amendment. *R & R* at 12. The Court also finds that the Report and Recommendation correctly concluded that the Court need not strike Plaintiff's prayer for punitive damages and designate this case as a strike against Plaintiff's right to file future legal actions. *R & R* at 10-12.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 33) is adopted in its entirety. Defendants' motion to dismiss (Doc. # 21) Plaintiff's Second Amended Complaint is GRANTED. Defendants' motion to strike Plaintiff's prayer for punitive damages and to designate a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g) (Doc. #22) is DENIED. The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED.**

DATED: March 19, 2008

**WILLIAM Q. HAYES**
United States District Judge